Curtis and another v. Moss and another.

---

Benjamin F. Curtis and another *v.* Samuel Moss and another.

Action against defendants as sureties on a prison bounds bond, signed by them but not by the principal : *Held,* that the bond was incomplete until signed by all the parties intended to be bound, and that until so signed either might repudiate it ; that being a contract of suretyship, it could not exist without the correlative obligation of the principal ; and that were the defendants to pay the amount of the bond, they would not be subrogated to the rights of the plaintiffs against their debtor, as they were not bound with or for him. Suit dismissed.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*Hoffman,* for the appellants.

*Benjamin,* contra.

Martin, J. The plaintiffs are appellants from a judgment dismissing their suit on a prison bounds bond, signed by the defendants, sureties of the debtor in the execution, but not by the latter. The bond purports to be the evidence of a contract between Samuel L. Moss, the defendant in the execution, and the present defendants, his sureties, and the sheriff in whose hands the plaintiffs had placed a *ca. sa.* against their debtor—a contract which was inchoate until the bond was signed by all the parties intended to be bound thereby, and which until so signed by all, could be repudiated even by any of those who had clothed it with their signatures. See *Villeré et al.* v. *Brognier,* 3 Mart. 349. But the present case is still stronger. The defendants intended to enter into a contract of suretyship ; and the obligation cannot exist without the correlative one of a principal obligor. Samuel L. Moss, the debtor, was under no legal or moral obligation to remain within the prison bounds, until he had been legally placed therein on the execution of the bond required by law. Were the defendants to pay the amount of the bond, they would not be legally subrogated to the rights of

the plaintiffs against their debtor, because they are not bound with or for him. Other points have been raised, but the one just now considered is of such vital importance in the case, that it would not be at all material to examine the others.

*Judgment affirmed.*